UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    - v. -

RIGOBERTO VELASCO,
    a/k/a "Flaco,"

                  Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 9 2007

07 Cr. _____

**07 CRIM.   275**



COUNT ONE

The Grand Jury charges:

1. From in or about 2001 through on or about August 15, 2005, in the Southern District of New York and elsewhere, RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of this conspiracy that RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21 of the United States Code.

Overt Acts

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about late 2003 to early 2004, RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, entered a heroin mill located in Mount Vernon, New York, to speak with co-conspirators not named as defendants herein about supplying them with kilogram quantities of heroin.

b.   On or about July 12, 2005, VELASCO received approximately $55,000 in United States currency from the proceeds of heroin sales from the operation of a heroin mill located at 3166 Fenton Avenue in the Bronx, New York.

c.   On or about July 15, 2005, VELASCO supplied over 3 kilograms of heroin to co-conspirators not named as defendants herein at a heroin mill located at 3166 Fenton Avenue in the Bronx, New York.

d.   On or about July 22, 2005, VELASCO supplied approximately 16 kilograms of heroin to co-conspirators not named as defendants herein at a heroin mill located at 3166 Fenton Avenue in the Bronx, New York.

(Title 21, United States
Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4. From in or about 2001 through in or about August 2005, in the Southern District of New York and elsewhere, RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Sections 1956(a)(1)(A)(i) and (B)(i) of Title 18, United States Code.

The Object Of The Conspiracy

5. It was a part and an object of the money laundering conspiracy that RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Sections 1956(a)(1)(A)(i) and

3

(B)(i) of Title 18, United States Code.

### The Means And Methods Of The Conspiracy

6. Among the means and methods by which RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, and others known and unknown, would and did carry out the conspiracy were the following:

    a. RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, collected hundreds of thousands of dollars in cash derived from the sale of narcotics in and around New York State and New Jersey from narcotics dealers. A purpose of these transfers was to allow the conspiracy to repatriate narcotics proceeds to New York State in order to promote further drug trafficking and in a manner designed to conceal the fact that the money represented narcotics proceeds.

### Overt Act

7. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

    a. On or about July 11, 2005, RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, received approximately $200,000 in United States currency, which were the proceeds of narcotics trafficking from the Bronx, New York.

                   (Title 18, United States Code,
                        Section 1956(h).)

FORFEITURE ALLEGATION

8. As a result of committing the controlled substance offense alleged in Count One of this Indictment, RIGOBERTO VELASCO, a/k/a "Flaco," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the narcotics violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the narcotics violation alleged in Count One of this Indictment, including but not limited to the following:

    a.    <u>Money Judgment</u>

A sum of money equal to at least $322,610 in United States currency, representing a part of the proceeds obtained as a result of the offenses alleged in Count One of the Indictment.

    b.    <u>Conveyance</u>

One 1997 Range Roger, New Jersey License Plate Number RFX82U, and Vehicle Identification Number SALPV1448VA372392, which was seized at 3166 Fenton Avenue, Bronx, New York.

### Substitute Asset Provision

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

RIGOBERTO VELASCO,
a/k/a "Flaco,"

**Defendant.**

INDICTMENT

07 Cr.

(Title 21, United States Code,
Sections 812, 841, and 846; &
Title 18, United States Code,
Sections 1956(a)(1), 1956(a)(2),
1956(h), & 2)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.