UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

RIGOBERTO VELASCO

                             Defendant.

------------------------------------------------X

**AFFIDAVIT OF RIGOBERTO VELASCO IN SUPPORT OF OMNIBUS MOTION**

07 CR 275 (LAP)

STATE OF NEW YORK  )
                          .ss:
COUNTY OF KINGS   )

    RIGOBERTO VELASCO, deposes and says:

    1. That I am the defendant in the above-captioned case and make this Affidavit in support of the Omnibus Motion submitted by my attorney, Barry E. Schulman.

    2. That this Affidavit has been prepared by my counsel, and that the facts contained herein represent only those facts which counsel has indicated are necessary to support said motion. There are many other facts and circumstances regarding this case and my arrest which are not detailed herein.

    3. That I was arrested on March 28, 2007, by New York City Police Department Officers, and thereafter was brought to Manhattan Criminal Court for arraignment. I did not give my consent to be seized, nor for

**EXHIBIT A**

4. That on March 28, 2007, I was in a Dodge Caravan rented by my companion, Maria Soto, and driven by her son. The car was pulled over by plainclothes police officers in unmarked cars, with sirens and lights, just a few miles from my home. The plainclothes officers ordered everyone out of the car and I was handcuffed. To the best of my knowledge, no traffic infraction or other reason was given for the stop, and I did not consent to my detention.

5. I was placed in one of the police cars and driven several miles away to a street corner. There, I was held in handcuffs for over an hour until either a police officer or an interpreter arrived, spoke to me and apparently indicated to officers that he was identifying my voice. It appeared to me that the basis for my arrest was that the individual claimed to identify my voice, after I had already been seized, handcuffed and detained.

6. My counsel informs me that there apparently was a photographic identification procedure conducted on April 6, 2007, which may be the basis for the federal indictment. I did not give my consent to any such proceeding and believe that the identification proceeding was the result of my illegal arrest on March 28, 2007. According to my counsel, the docket sheets in this case show that I was indicted on April 9, 2007; arrested on the federal charges on April 10, 2007; and arraigned on April 11, 2007.

7. I am further informed by my counsel that numerous searches occurred after my arrest, including, but not limited to, the car I was arrested in and my home. I was legally in the car, and had every expectation that my privacy would not be violated. I was a passenger in a car rented by my common-law wife for our use, and was invited to be in that car by the renter and the driver. The car was driven by my stepson, and to the best of my knowledge no act by the driver or any of the passengers in the car gave rise to the police officers' purported belief that they had a right to seize us, or that we had given consent for such action. Similarly, the contents of the car were mine and no one gave permission to the police officers to take those contents.

8. Moreover, I lived at the home located at Rose Lane, and my common-law wife, our children, and my stepson lived there with me legally, with the permission of the registered owner. We fully expected that no one would invade our privacy there, and gave no permission to anyone to search the house, its grounds or the garage.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May  , 2008

SIGNED ORIGINAL TO BE FURNISHED
_____
RIGOBERTO VELASCO